FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES A.,

        Plaintiff,

        v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No. 1:19-CV-3206-RMP

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff James A.[1], ECF No. 10, and the Commissioner or

Social Security ("Commissioner"), ECF No. 11. Plaintiff seeks judicial review,

pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his claim for

disability insurance benefits under Title II of the Social Security Act (the "Act"). *See*

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first
name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  ECF No. 10 at 2. Having reviewed the parties' motions and the administrative

2  record, the Court is fully informed. The Court grants in part Plaintiff's motion,

3  denies the Commissioner's motion, and remands the matter to the agency for further

4  proceedings.

5  **BACKGROUND**

6  On February 10, 2014, Plaintiff was involved in a work-related accident while

7  unloading a truck, in which his right hand was caught between a chain and a pallet

8  wrenching his right arm and causing injury to his hand, arm, and cervical spine. AR

9  616. He received treatment and returned to work, but by May 2014 was unable to

10 continue working. AR 942-54, 616. Under a claim through Washington Labor and

11 Industries, he underwent a multi-level discectomy and fusion surgery in November

12 2014. AR 600-01, 750. Following the fusion, he reported some improvement in his

13 arm, but continues to have residual neck pain. AR 698, 753. In 2015 he developed

14 numbness and tingling in both arms and was diagnosed with ulnar neuropathy. AR

15 757-58. He eventually received ulnar release surgeries on both arms in July 2016

16 and December 2016, which he reported to be helpful. AR 1069, 1121, 1220-21.

17 Throughout the relevant period Plaintiff also received treatment for diabetes, low

18 back pain, lower extremity paresthesia, and depression and anxiety. AR 698, 755,

19 1212-21, 1226-27, 1231.

20

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1    On August 10, 2015, Plaintiff filed an application for Title II disability

2    benefits, alleging disability based on his neck fusion, bilateral arm nerve damage,

3    diabetes, and depression. AR 118. The claim was denied initially and upon

4    reconsideration. AR 159-65, 167-71. Plaintiff subsequently had a hearing before

5    ALJ Virginia Robinson, and on August 8, 2018, the ALJ denied Plaintiff's claim.

6    AR 16-28. Plaintiff requested and was denied review by the Appeals Council,

7    leaving the ALJ's decision as the final decision of the Commissioner. AR 1-6.

8    Plaintiff now seeks judicial review of the Social Security Administration's disability

9    determination.

10   ***ALJ's Decision***

11   On August 8, 2018, the ALJ issued an unfavorable decision. AR 16-28.

12   Applying the five-step evaluation process, Judge Robinson found:

13   **Step one:** Plaintiff had not engaged in substantial gainful activity since May

14   15, 2014, the alleged onset date. AR 18.

15   **Step two:** Plaintiff had the following severe impairments that were medically

16   determinable and significantly limited his ability to perform basic work

17   activities: degenerative disc disease of the cervical and lumbar spine; right

18   shoulder disorder; affective disorder; anxiety disorder; and bilateral ulnar

19   nerve compromise, status-post release. *Id.* The ALJ found that Plaintiff's

20

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

diabetes did not cause more than minimal limitations on his ability to perform basic work activities, and therefore was non-severe. AR. 18-19.

**Step three:** The ALJ concluded that Plaintiff's impairments, considered singly and in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). AR 19-20.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b). The job duties can be performed seated, such as seated at a desk, at a work station on a stool, or other forms of sitting while working. Other duties may be performed standing/walking, such as going to get files, supplies, bringing something to someone else, or walking with a customer to show them something. The claimant is able to change their position while performing duties, and he would not be off task in doing so. If he is sitting, he would be able to sit at least once between breaks. He can occasionally climb ramps or stairs, but he can never climb ladders, ropes, or scaffolds. He can frequently balance, stoop, kneel, crouch, and, occasionally crawl. The claimant is able to frequently handle and finger and he can do occasional overhead reaching with the right upper extremity. The claimant must avoid concentrated exposure to: extreme cold, extreme heat, wetness, humidity, excessive vibration, pulmonary irritants such as fumes and gases and workplace hazards such as working with dangerous machinery and working at unprotected heights. He can perform simple, routine tasks in a routine work environment with simple work-related decisions. He can have only superficial interaction with co-workers and occasional, superficial or incidental interaction with the public.

AR 20.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

In determining Plaintiff's RFC, the ALJ found that his statements concerning the intensity, persistence and limiting effects of his alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record." AR 21.

**Step four:** The ALJ found that Plaintiff was unable to perform his past relevant work as a tractor trailer truck driver, forest fire fighter, fast food services manager, material handler, hand sprayer, gambling dealer, or gun club manager. AR 26.

**Step five:** The ALJ found there were jobs that existed in the national economy that Plaintiff could perform considering his age, education, work experience, and RFC. AR 27. The ALJ thus found Plaintiff has not been disabled within the meaning of the Social Security Act at any time since the alleged onset date of May 15, 2014. Tr. 28.

## LEGAL STANDARD

### A. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not

disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial

evidence to support the administrative findings, or if there is conflicting evidence

that will support a finding of either disability or nondisability, the finding of the

Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir.

1987).

### B. Definition of Disability

The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to

be under a disability only if his impairments are of such severity that the claimant is

not only unable to do his previous work, but cannot, considering the claimant's age,

education, and work experiences, engage in any other substantial gainful work

which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the

definition of disability consists of both medical and vocational components. *Edlund*

*v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one

determines if he is engaged in substantial gainful activities. If the claimant is

engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

economy in light of his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously reject Plaintiff's subjective symptom testimony?
2. Did the ALJ improperly reject the opinions of Plaintiff's treating and examining medical providers?
3. Did the ALJ improperly reject the opinion of the third-party witness?
4. Did the ALJ form an erroneous residual functional capacity?

//

//

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1

**DISCUSSION**

2

**1. Plaintiff's subjective allegations**

3

Plaintiff argues the ALJ erred in her evaluation of Plaintiff's subjective

4 allegations, in that she failed to make specific findings as to what testimony was

5 being rejected. ECF No. 10 at 6. He further argues that the only specific reason

6 offered by the ALJ, that Plaintiff received unemployment benefits from the state,

7 failed to acknowledge Plaintiff's testimony about his participation in a special

8 program that allowed him to receive unemployment benefits without searching for

9 other work. *Id.* at 7-8.

10

The Commissioner responds that the ALJ offered five distinct reasons for the

11 credibility analysis, including medical improvement, Plaintiff's noncompliance with

12 treatment, receipt of unemployment benefits, his conditions being exacerbated by

13 situational stressors, and lack of support from the treatment records, all of which

14 amounted to clear and convincing reasons for discounting Plaintiff's subjective

15 reports. ECF No. 11 at 6-11.

16

ALJs engage in a two-step process to determine the reliability of a claimant's

17 subjective testimony. "First, the ALJ must determine whether there is objective

18 medical evidence of an underlying impairment which could reasonably be expected

19 to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104,

20 1112 (9th Cir. 2012) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.

21

2007)). If the first step is met, and if there is no evidence of malingering on the record, then "the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

The ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause some of the alleged symptoms," but found his "statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 21. The ALJ went on to summarize the medical records and Plaintiff's courses of treatment, finding his complaints were not consistent with the objective findings in the record. AR 21-23. She additionally found Plaintiff's claim to the State that he was capable of working, in order to receive unemployment benefits, was inconsistent with his claim of disability to the Social Security Administration. AR 24.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's subjective allegations. Plaintiff testified at his hearing that while he was receiving unemployment benefits from the state in 2016 and 2017, he was enrolled in a dislocated worker program where he was allowed to pursue approved retraining and was not required to look for work in order to receive the

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

benefits. AR 70, 85. He testified he was referred to the program through the department of vocational rehabilitation. AR 85-86. While an ALJ may consider a claimant's receipt of unemployment benefits in assessing their claim for Social Security benefits, the ALJ must consider the totality of the circumstances, including whether the claimant held himself out as ready, willing, and able to work full-time. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). The ALJ failed to acknowledge the exception to standard unemployment benefits programs that Plaintiff was granted in finding his actions inconsistent. AR 24. The Commissioner argues that in completing the paperwork for the program, Plaintiff still held himself out as available to work six hours per day seven days a week. ECF No. 11 at 8-9 (citing AR 302). However, the rest of the application indicates Plaintiff qualified his availability in that if he was not approved for the program he would "continue to look for work *that I am capable of doing*." AR 301 (emphasis added). Availability for work and capability of work are not the same. The ALJ's failure to discuss Plaintiff's participation in the special program renders her analysis unsupported by substantial evidence.

The ALJ additionally found Plaintiff's allegations to be unsupported by the objective medical evidence. However, once a claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.

1    *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "[A]n ALJ does not provide

2    specific, clear, and convincing reasons for rejecting a claimant's testimony by

3    simply reciting the medical evidence in support of his or her residual functional

4    capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

5    While the Commissioner asserts the ALJ found Plaintiff's allegations to be

6    undermined by evidence of medical improvement and noncompliance with

7    treatment, and that situational stressors contributed to the extent of Plaintiff's

8    symptoms, the ALJ did not make those logical conclusions. The Court will review

9    only the reasons provided by the ALJ in the disability determination and may not

10   affirm the ALJ on a ground upon which she did not rely. *Garrison,* 759 F.3d at 1010

11   (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Orn v. Astrue*, 495

12   F.3d 625, 630 (9th Cir. 2007). The ALJ's decision consists of a chronological

13   discussion of Plaintiff's treatment for his physical and mental symptoms, but does

14   not specifically identify any of the arguments identified by the Commissioner, or

15   link any of them to the rejection of Plaintiff's alleged limitations.

16   Because the ALJ failed to offer clear and convincing reasons for discounting

17   Plaintiff's subjective allegations, the decision cannot be upheld.

18   **2. Medical Opinion Evidence**

19   Plaintiff contends the ALJ erred in her assessment of the medical opinion

20   evidence. ECF No. 10 at 8-11. Specifically, Plaintiff claims the ALJ improperly

21

1  rejected opinions from Dr. Allen and PA-C Richmond, and failed to offer an

2  analysis of numerous other treating sources. *Id.*

3  　　　The Commissioner argues the ALJ gave legally sufficient reasons for

4  discounting Dr. Allen and PA-C Richmond and reasonably considered numerous

5  other opinions. ECF No. 11 at 11-16. The Commissioner also asserts the ALJ was

6  not required to provide a specific weight analysis for all of the records in the file. *Id.*

7  　　　<u>Dr. Allen</u>

8  　　　When a treating or examining doctor's opinion is contradicted by another

9  opinion, an ALJ must articulate "specific and legitimate" reasons, supported by

10  substantial evidence in the record, to reject the opinion. *Lester v. Chater*, 81 F.3d

11  821, 830–31 (9th Cir. 1995). "An ALJ can satisfy the 'substantial evidence'

12  requirement by 'setting out a detailed and thorough summary of the facts and

13  conflicting clinical evidence, stating [her] interpretation thereof, and making

14  findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725).

15  　　　In January 2016, Plaintiff attended a consultative psychological exam with

16  Beverley Allen, MD. AR 907-11. Dr. Allen opined Plaintiff would have difficulty

17  completing a normal work day and work week because of panic and anxiety

18  symptoms, and that he would have difficulty dealing with the usual stress in the

19  workplace because of decreased frustration tolerance and anxiety. AR 910-11. She

20  otherwise opined he would not have difficulty with work-related tasks. AR 910.

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

The ALJ gave this opinion limited weight:

> I do not find that these limitations are consistent with the medical evidence of record or with the findings of her evaluation which revealed that the claimant presented with good grooming, as somewhat anxious, with normal speech, with normal thoughts, and as fully oriented. On the mental status examination, the claimant was able to repeat five digits forward and five digits backwards, he was able to do serial seven subtractions, and he was able to spell the word "world" both forward and backward. (Exhibit 16F/2-3). Dr. Allen appeared to rely on the claimant's subjective complaints of anxiety, but there is minimal evidence of this elsewhere in the record. In fact, he was able to regularly attend appointments and follow through on tasks for his workers compensation claim. These activities undermine her opinion that the claimant would be unable to complete a normal workday or workweek.

AR 24-25.

Plaintiff argues Dr. Allen's opinion contained objective findings supportive of her opinion and disputes the ALJ's characterization of the record, noting other treating mental health providers support the limitations found by Dr. Allen. ECF No. 10 at 9. The Commissioner counters that the ALJ offered two specific and legitimate reasons for discounting the opinion, specifically that the opinion was inconsistent with the record documenting mostly unremarkable mental status exams, and that the opinion was largely based on Plaintiff's unreliable self-reports due to lack of support from the objective findings and Plaintiff's demonstrated abilities. ECF No. 11 at 15.

The Court agrees with the Commissioner. An ALJ may reasonably consider an opinion's consistency with the record as a whole. 20 C.F.R. § 404.1527(c)(4). In

her discussion of the record, the ALJ noted the largely normal findings throughout the record regarding Plaintiff's mental status. AR 23.

However, as this claim is being remanded for reconsideration of Plaintiff's subjective complaints, the ALJ shall also reconsider the medical evidence and any additional evidence in formulating a new decision.

### PA-C Richmond

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In April 2017 Plaintiff presented to his treating provider, Daniel Richmond, PA-C, with reports of increased stress and anxiety and bowel incontinence. AR 1226-27. Mr. Richmond completed a note stating: "This patient needs to refrain from work at this time. He is currently receiving treatment/management and will not be able to return until further evaluation." Tr. 933.

The ALJ found the letter inconsistent with contemporaneous observations of Plaintiff and Plaintiff's activities, including his testimony that he was going to continue with classes. AR 24.

Plaintiff argues the ALJ erred in failing to provide a weight analysis of Mr. Richmond's opinion and the records of his extensive treatment relationship with Plaintiff. ECF No. 10 at 10. The Commissioner asserts the ALJ was not required to

provide any analysis as the opinion did not contain functional limitations, but even if she was, she provided germane reasons for disregarding it, including inconsistency with contemporaneous records and Plaintiff's activity level. ECF No. 11 at 12-14.

The Court finds no error. An ALJ may discredit opinions that are conclusory, brief, and unsupported by the record as a whole. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. § 404.1527(c)(2)(4). Mr. Richmond's note does not contain specific functional limitations, and the contemporaneous treatment records do not document objective findings supportive of a complete inability to work. AR 1198, 1226-30.

### Other records

Plaintiff argues the ALJ erred in failing to provide an analysis of various other treatment records, asserting the ALJ dismissed without explanation the opinions of all treating providers. ECF No. 10 at 10-11. The Commissioner counters that, while the ALJ must consider the whole record, she only is required to articulate why significant probative evidence has been rejected. ECF No. 11 at 16. The Commissioner argues the ALJ reasonably considered the record and summarized relevant findings and opinions, and notes Plaintiff did not challenge the ALJ's treatment of numerous other opinions. *Id.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

The Court agrees with the Commissioner. An ALJ is not required to address all records and need not provide a specific analysis of records that are neither significant nor probative. *Howard ex rel Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Plaintiff has failed to assign error to the ALJ's omission of any specific probative functional opinions provided by any of the various treating sources identified.

**3. Third party witness**

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

In August 2018, Plaintiff's long-term girlfriend, Andrea Cooper, completed a third-party function report, commenting on Plaintiff's impairments. AR 501-08. She reported Plaintiff was limited both physically and emotionally, and estimated he could lift no more than 15-20 pounds and could only stand and walk for 10-20 minutes at a time. AR 506.

The ALJ gave Ms. Cooper's opinion "some weight" but found that "the alleged severity of limitations is not entirely consistent with the medical evidence of record or the claimant's own reported activities." AR 26.

Plaintiff argues this evidence should have been assigned greater weight, noting that such evidence is of "particular value." ECF No. 10 at 11. The Commissioner argues the ALJ gave germane reasons for discounting Ms. Cooper's opinion, noting it to be inconsistent with the medical evidence and Plaintiff's activities. ECF No. 11 at 17. The Commissioner further argues that because the ALJ gave sufficient reasons for discounting Plaintiff's allegations, she also properly discounted the similar testimony from Ms. Cooper. *Id.*

The Court finds the ALJ did not offer a germane reason for discounting Ms. Cooper's evidence. A lack of support from the overall medical evidence is not a proper basis for disregarding lay testimony. "The fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Furthermore, the ALJ failed to identify any activities Plaintiff engaged in on a regular basis that were inconsistent with Ms. Cooper's reports.

On remand, the ALJ will reconsider the evidence provided by Ms. Cooper.

//

//

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

**4. Residual Functional Capacity**

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.").

Plaintiff argues the ALJ failed to properly consider the medical opinion evidence and Plaintiff's symptom testimony, resulting in an RFC that does not account for all of Plaintiff's functional limits, particularly regarding exertional ability, use of his hands, and his mental limitations. ECF No. 10 at 11-19. The Commissioner argues substantial evidence supports the ALJ's decision, and that the ALJ reasonably resolved conflicts in the opinion evidence and explained the weight assigned to twelve different opinions. ECF No. 11 at 17-20.

The Court agrees with Plaintiff that the RFC with respect to Plaintiff's use of his hands is not supported by substantial evidence. Plaintiff suffered his initial injury to his cervical spine and right arm in February 2014, with his discectomy and fusion surgery not being performed until November 2014. AR 600-01, 616. Plaintiff reported numbness and tingling in both arms throughout 2015 and 2016 until undergoing ulnar release surgery in July 2016 and December 2016. AR 738-41, 757-58, 898-900, 1022, 1069, 1121, 1181-82. The ALJ pointed to this progression of

symptoms and treatment, noting "the claimant's symptoms related to his neck and upper extremities have improved with treatment." AR 22. However, the ALJ issued only one set of limitations, noting that "the residual functional capacity addresses any ongoing difficulties by limiting him to work at the light exertional level with additional limitations." AR 22-23. The ALJ's decision is internally inconsistent in finding that Plaintiff experienced improvement after his surgeries, but not addressing his capabilities for the preceding years and issuing one RFC for the entire relevant period. On remand, the ALJ shall reconsider the entire relevant period, and make adequate findings as to Plaintiff's abilities both before and after his surgeries, comparing the evidence of possible medical improvement to the evidence of his abilities prior to the improvement. *See generally Attmore v. Colvin*, 827 F.3d 872 (9th Cir. 2016).

## 5. Request for remand for benefits

Generally, the appropriate course upon finding error in the Commissioner's determination of a claimant's application is to "remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal citation omitted). A court should take the exceptional step of remanding for an immediate award of benefits only where:

> (1) The ALJ has failed to provide legally sufficient reasons for rejecting. . .evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made,

and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted). Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

Because of the ALJ's erroneous analysis of Plaintiff's testimony and improper formulation of the RFC, questions persist regarding Plaintiff's degree of impairment throughout the relevant period. The Court does not find that the record as a whole compels a finding that Plaintiff is disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED IN PART** with respect to remand and **DENIED IN PART** with respect to remanding with instructions to credit any particular evidence as true and award benefits.

2.    Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    Judgment shall be entered for Plaintiff.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2  Order and provide copies to counsel.

3    **DATED** June 15, 2020.

4

5                                    *s/Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23